ORLANDO F. CABANDAY (SBN 168131)
LAURA RAMOS (SBN 186326)
HENNELLY & GROSSFELD LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA 90292
Telephone: (310) 305-2100
Facsimile: (310) 305-2116
ocabanday@hgla.com
lramos@hgla.com

Attorneys for Plaintiffs,
TOMMY DESOTO, GEORGE KOSTY,
STEVE TERRILL, ANTOINETTE CARDENAS,
FRED HOOD, DOUGLAS LOVISON, and
JOHN SCHUMACHER, as trustee of the
Schumacher Family Trust

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| TOMMY DESOTO, an individual; GEORGE KOSTY, an individual; STEVE TERRILL, an individual; ANTOINETTE CARDENAS, an individual; FRED HOOD, an individual; and DOUGLAS LOVISON, an individual, and JOHN SCHUMACHER, as trustee of The Schumacher Family Trust, | CASE NO: SACV08-0514 DOC (RNBx) Assigned to: Hon. David O. Carter |
| | **DECLARATION OF RICHARD LUCAL IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| Plaintiffs, | |
| vs. | Date:       July 21, 2008 Time:       8:30 a.m. Courtroom: 9D |
| CHRISTOPHER CONDON, an individual; RICHARD CONDON, an individual; MICHAEL MEDIANO, an individual; JOHN ADSIT, an individual; TRAGO LP, a British Virgin Islands limited partnership; FX HOLDINGS INTERNATIONAL LTD, a British Virgin Islands corporation; TRAGO USA, INC., a California corporation; TRAGO INTERNATIONAL, INC., a Delaware corporation; CT HOLDINGS INTERNATIONAL, INC., a Delaware corporation; PULSE ENTERTAINMENT GROUP, L.L.C., a Nevada limited liability company, | Action Filed: May 8, 2008 |
| Defendants. | |

1

I, RICHARD LUCAL, declare as follows:

1.      I am a licensed California attorney authorized to practice law in the Courts of the State of California and in the United States District Court for the Central District of California.   I was the attorney of record for Douglas Lovison in an action previously filed in the United States District Court for the Central District of California entitled Lovison v. Condon, et.al., case number SACV07-408 AHS (hereinafter "the District Court action").   I have personal knowledge of the information contained in this declaration and could provide competent testimony at a hearing or trial.

2.      I was retained by Douglas Lovison to defend him in an action filed in Orange County Superior Court by CHRISTOPHER CONDON and TRAGO INTERNATIONAL, INC. against Lovison and four other Trago LP limited partners (Montgomery, Castillo, Kosty and Soto-Mares).     This action was later re-filed in Los Angeles Superior Court.    After I determined the lawsuit to be frivolous and based on false allegations in the complaint (e.g. that Trago International had properly purchased the assets of Trago LP for $500,000 cash in June, 2005), I filed a special motion to strike under California Code of Civil Procedure section 425.16 in January, 2007.   The initial motion to strike was taken off calendar in February 2007 when the Court granted defendants leave to file an amended complaint.    According to the March, 2007 First Amended Complaint served on me by CONDON/TRAGO INTERNATIONAL, the allegations against Lovison and others related to an email "campaign", and, in opposition to LOVISON's anti-SLAPP motion, defendants identified only one email sent by LOVISON – an email forwarding a cease-and-desist email to an individual identified in LOVISON's declaration as a creditor of TRAGO LP.

3.      In April 2007, I filed a special motion to strike the First Amended Complaint which was denied on May 14, 2007.  The defendants opposed the motion with no substantial, competent evidence, misstated applicable California law and

2

relied heavily on objections to LOVISON's substantial supporting declarations. I filed a notice of appeal from the denial of the special motion to strike on July 14, 2007, and two other defendants, including plaintiff Kosty, filed similar notices of appeal. The Los Angeles Superior Court case has been stayed since that time as to Lovison, Kosty and the other appellant. Attached as Exhibits 1 and 2 are the notices of appeal filed by Lovison and Kosty in the Los Angeles Superior Court action. Defendants' opposition brief for the appeal was to be filed on June 13, 2008, and has, to date, not been served on my office.

4.     Since the Los Angeles Superior Court related only to an alleged email campaign in November 2006, involved only Condon and Trago International and was filed in an inconvenient venue (the litigation was filed in Los Angeles because one defendant, Castillo, lived there), I filed litigation on behalf of Lovison, individually and as a Trago LP limited partner, against Condon, TRAGO INTERNATIONAL, TRAGO LP, CT HOLDINGS, TRAGO USA, and FX HOLDINGS INTERNATIONAL in a separate San Diego County Superior Court action. The lawsuit did seek the return of the assets of TRAGO LP. I determined that the lawsuit was not a mandatory counterclaim in the Los Angeles action for a number of reasons. First, it did not relate to the alleged email campaign. Second, it involved a substantial number of parties not involved in Los Angeles. Third, it involved derivative claims on behalf of Trago LP.

5.     None of the defense counsel involved with the initial San Diego County litigation claimed that the lawsuit should have been filed as a mandatory counterclaim in Los Angeles Superior Court. Instead, they filed a motion to change venue to Orange County – keeping the two lawsuits separate. Attached as Exhibit 3 is a copy of the motion to change venue.

6.     In March 2007 and based on substantial evidence obtained from a number of sources, I filed an ex parte application for the appointment of a receiver before the Honorable Lisa Guy-Schall in the San Diego Superior Court action.

During the ex parte hearing, Judge Guy-Schall stated that she does not appoint a receiver on an ex parte basis, did not consider the merits of the application and set the receiver motion for a hearing to take place after the motion to change venue. After the hearing, I realized that I could not seek any interim relief until the motion to change venue was decided, and, if the case was transferred, could not seek any equitable relief while the case was in transit to Orange County.

7.     After the ex parte hearing, I reviewed the facts and the law and determined that it was not advisable to oppose the motion to change venue and determined that the action should go forward in Orange County. I elected to file the case in U.S. District Court because the complaint did allege Lanham Act claims for trademark violation and alleged misappropriation of a U.S. patent and trademark.  I filed the District Court action in April 2007 with Douglas Lovison as the only plaintiff and the first cause of action being one for out-of-court rescission of a February 2005 Settlement Agreement.   In addition to Lanham Act claims for trademark infringement, LOVISON alleged a variety of causes of action under California law, including:  (1) partnership dissolution and accounting, (2) fraud, (3) breach of contract,  (4) breach of fiduciary duty, (5) unfair business practices, (6) false advertising, (7) misappropriation of trade secrets, (7) conversion, (8) fraudulent conveyance, and (9) declaratory relief.   A copy of the caption page to Lovison's First Amended Complaint which identifies the causes of actions alleged is attached as Exhibit 4.

8.     After filing the District Court action, I attempted to obtain a stipulation from defense counsel to dismiss the state court action pending before Judge Guy-Schall.  Defense counsel refused to stipulate to a dismissal of the State Court action unless the dismissal was with prejudice.  In my opposition papers to the motion to change venue, I asked the Court to dismiss the state court action, without prejudice, in light of the filing of the District Court action in Orange County.  At the hearing on

the motion to change venue, the State Court judge refused to dismiss the State Court action but ordered the action transferred to Orange County Superior Court.

9.    In the District Court action, defendants did not raise a claim that the case should have been filed in Los Angeles Superior Court.    By the time that Lovison's answer was due in the Los Angeles Superior Court case, the District Court action filed by Lovison was pending, and Lovison could not properly raise any of the claims in Los Angeles Superior Court.    A copy of the answer filed by Condon to the First Amended Complaint in the Lovison District Court action is attached as Exhibit 5.    Since defendants had caused the Orange County Superior Court case to remain pending by not stipulating to a dismissal and since the answer challenged Federal Court jurisdiction, I decided not to dismiss the Orange County Superior Court case until the District Court decided any jurisdictional challenges.

10.    In May 2007, I filed a motion for the appointment of a receiver and for a preliminary injunction in the Lovison District Court action.    At that time, I had only been able to take one deposition in the Los Angeles Superior Court action (Douglas Denhart – former President of Trago International) between Lovison and Condon and had been unable to obtain any other deposition or formal written discovery from Condon's counsel.    Defendants took the position that discovery was stayed through the pendency of the Los Angeles Superior Court action either because (1) a special motion to strike had been filed, or (2) there were other actions pending.    A copy of the notice of motion and motion is attached as Exhibit 6.    A copy of the memorandum of points and authorities is attached as Exhibit 7.    The supporting proposed order and reply memorandum of points and authorities are attached as Exhibits 8 and 9.

11.    At the July 2, 2007, hearing on the motion for the appointment of a receiver and for preliminary injunction which I attended, Judge Stotler began the hearing by asking me to dismiss the case due to the predominance of the State Court causes of action and the pendency of the State Court action.    When I asked to be

able to confer with my client and counsel for several intervenors, Judge Stotler dismissed the case on the stated grounds that there was no substantial federal question.    Judge Stotler's three stated concerns were (1) a state court action was already pending and the state law claims predominated, (2) a state court should resolve Lovison's rescission claim, and (3) a state court should decide the proper ownership of the trademark to sell tequila using the trade name "Trago."    Because Judge Stotler was dismissing the case, without prejudice, she stated, on the record, that she would be denying the motion for the appointment of a receiver without prejudice.    NO SUBSTANTIVE ISSUES WERE RESOLVED BY JUDGE STOTTLER AT THIS JULY 2, 2007 HEARING, and there was absolutely no discussion of the merits of the receiver motion at this hearing.    A copy of the transcript is attached hereto as Exhibit 10.    A copy of the order denying Lovison's receiver motion, without prejudice, is attached as Exhibit 11.    A copy of Judge Stotler's order dismissing the case, without prejudice is attached as Exhibit 12.    A copy of Judge Stotler's order denying defendants' motion for attorneys' fees is attached as Exhibit 13.    In denying defendants' motion for attorneys' fees, in particular, Judge Stotler order states:  "Neither of the parties' litigation objectives with respect to the contract claim have been substantially furthered by the judgment entered in this action.  Rather, the Court found that the parties should pursue the contract claim in state court where an action is already pending for that purpose."  Judge Stotler never made a ruling on the merits of any of Lovison's claims at any point during the short pendency of the District Court action, no discovery was conducted and no substantive issues decided.

12.    After the July 2, 2007, hearing, I did file a notice of appeal to the Ninth Circuit but abandoned the appeal in January 2008.    Case number SACV07-408 AHS is no longer pending in any Court.

13.    After the Lovison District Court case was dismissed, Lovison's claims proceeded forward in Orange County Superior Court.    While defendants had earlier

1  agreed to consolidate pending actions filed by Montgomery and Lovison regarding
2  Trago LP, they took a new tact in August 2007 and opposed any consolidation of
3  cases.    They claimed that Lovison's rescission claim should be bifurcated, and
4  discovery severely limited to what defense counsel considered relevant to Lovison's
5  rescission claim.    At the time the Orange County Superior Court case was going
6  forward, the Los Angeles Superior Court case was on appeal and stayed.
7  Defendants made no effort to seek judicial consolidation of the Los Angeles and
8  Orange County Superior Court cases and did not seek to have Lovison's Orange
9  County Superior Court case dismissed.

10        14.    On October 1, 2007, defendants obtained an ex parte stay of discovery
11  in Lovison's Orange County Superior Court case on relevancy grounds.    On
12  November 8, 2007, defendants successfully opposed efforts by Trago LP limited
13  partner, Ty Montgomery, to consolidate and by Trago LP limited partner, Phillip
14  Soto-Mares, to intervene.    Defendants obtained an order bifurcating Lovison's
15  rescission claim and staying discovery on all issues not related to rescission.    It was
16  clear that these efforts by defendants were specifically intended to prevent Lovison
17  from obtaining discovery of suspected criminal and tortuous acts by Condon and the
18  other defendants.    Because of substantial disputes over what was relevant to
19  rescission, discovery disputes were protracted, and I was forced to file or oppose
20  over 15 discovery related motions.    Attached as Exhibit 14 is a February 6, 2008,
21  order relating to a number of discovery motions.    Of note, the Court granted
22  Lovison's motion to compel the production of financial records from Trago
23  International but also granted defendants' motion to quash a subpoena to Bank of
24  America seeking the same records.

25        15.    Without filing a motion for reconsideration, defendants took the
26  position that there was a "typo" in the February 6, 2008, order and refused to
27  produce any Trago International financial records unrelating to alleged payments for
28  the Trago LP assets.    In March, 2008 and after defendants' systematically refused to

comply with the February 6, 2008, order, I filed motions for terminating or other sanctions.   Defendants raised the "typo" issue in opposition to Lovison's motion and as to the Trago International financial records.   In the order attached as Exhibit 15, Judge Andler granted the requested "typo" relief and would not order the production of financial records.

16.   At a March 2008 status conference, Judge Andler decided to trifurcate the trial in the case.   She determined that there would be a declaratory relief trial on May 12, 2008. regarding the issue of whether Lovison's ownership interests in Trago LP, Trago USA and FX Holdings International were ever transferred and whether the failure to transfer rendered the releases in the February 12, 2005, Settlement Agreement invalid.   A copy of Judge Andler's minute order is attached as Exhibit 16.   While this trial was initially scheduled for one day, it appeared that the trial might involve substantially more sub-issues than contemplated.   After this trial was completed and if Lovison prevailed, discovery would be opened and Lovison could move forward with the remainder of his claims.   If Lovison lost the first trial, there would be a second, potentially jury, trial on Lovison's rescission claim.   If Lovison prevailed on the rescission claim, there would be a third trial involving many of the same issues, documents and witnesses presented to a jury on the balance of Lovison's claims.   I estimated that the trials on the rescission claim and Lovison's remaining claims would each take approximately 3 weeks and involve as many as 20 witnesses.   This trifurcation of the trial would have cost Lovison an estimated $300,000 to $500,000 in legal fees and costs and would have required the presentation of duplicative evidence to a judge or jury on potentially three separate occasions.

17.   When the defendants systematically refused to produce information and documents responsive to the Court's March 2008 order granting discovery sanctions (exhibit 15), I filed a motion for terminating sanctions to be heard on May 1, 2008. The motion for sanctions was supported by substantial evidence of defendants'

willful failure to produce critical information.   The Court's tentative invited counsel to submit on the pleadings.   I received a call from defense counsel Malcolm that defendants would submit on the pleadings.   Despite the severity of the relief sought and the substantial nature of the evidence presented, no defense counsel appeared at the hearing on the motion.   The next day, Judge Andler issued an order denying my motions for sanctions – stating that the motions for sanctions should have been filed no later than one week before the order was issued which defendants violated.   A copy of this order is attached as Exhibit 17.   I made an ex parte application to have the motions heard in conjunction with the May 12, 2008, trial, and the application was denied.

18.   From the orders issued by Judge Andler, I determined that Lovison could not obtain a fair trial, and that pursuit of his state court claims would be prohibitive.   He would not be allowed reasonable discovery and was being forced to try the same issues many times.   Despite the merit to Lovison's claims, it appeared that he would not be allowed to present them.   With the option available of joining other plaintiffs in pursuing a RICO action against Condon and other defendants, Lovison elected to pursue RICO and to dismiss his state court action, without prejudice.   To date and as a result of the conduct of defendants, Lovison has been prohibited from obtaining any substantive ruling on any key issue relating to the misconduct of Condon, has been prohibited from obtaining key financial records and has been unable to have a single court evaluate the critical need to appoint a receiver.   With regard to the RICO action, I understand that Lovison's rescission claim is unnecessary.   Lovison is contending that the February 12, 2005, Settlement Agreement was obtained through extortion, is a RICO predicate act and is void. Lovison is further contending that the releases in the Settlement Agreement are invalid and ineffective for a number of reasons – including the failure of defendants to transfer Lovison's Trago LP ownership interest.   I am unaware of any issue that

**DECLARATION OF RICHARD LUCAL IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
**Case No.:  SACV08-0514 DOC (RNBx)**

1   needed to be litigated or tried in state court to give Lovison standing to pursue any of

2   his claims in the RICO action.

3          19.    Defense counsel find fault with my decision to file a verified statement

4   of disqualification challenging Judge Andler for bias.   In addition to the above, the

5   verified statement identifies a number of critical concerns about the fairness of Judge

6   Andler and Lovison's ability to obtain a fair trial.   Judge Andler's order striking

7   LOVISON's verified statement of disqualification is inaccurate when it claims that

8   LOVISON only objected to certain rulings made by the Court and claimed that

9   Judge Andler was a member of an organization with one of the defense counsel.

10  The allegations of misconduct and bias go much further than simple disagreements

11  with rulings made by the Court.   My primary concerns regarding Judge Andler

12  involved:

13         (a) concerns of a relationship between Judge Andler and attorney Thomas

14  Malcolm (hired to be co-counsel for Trago International after the time to file a 170.6

15  challenge had expired);   The conduct of Judge Andler and deference given to

16  Malcolm, combined with their relationship as former officers/directors of the Orange

17  County Association of Business Trial Lawyers was concerning;   Of note, attorney

18  Malcolm was NOT retained by Trago International to represent it in this action

19  despite his familiarity with the evidence.

20         (b) When presented with overwhelming and conclusive evidence that Condon

21  had committed perjury and that defense counsel had suborned perjury and

22  perpetrated fraud on the Court, Judge Andler stated, on the record, that perhaps this

23  conduct was "his client's best strategic position;" (Ex. 18, pp. 19:9-15, 21-25 and

24  20:14-22)   Excerpts from the November 8, 2007, hearing transcript are attached

25  hereto as Exhibit 18;

26         (c) When faced with efforts by two additional Trago LP limited partners to

27  consolidate their cases with or to intervene in the Lovison action, Judge Andler

28  denied the efforts and stated, on the record, that her goal was to "divide and

conquer." (See, Ex. 18, p. 24:4-8); While it is understandable that defendants would want to divide and conquer a number of limited partner victims of Condon's misconduct, it was surprising for the Court to adopt this position and was an indication of bias;

(d) While granting the motions to compel in early February 2008, it was clear that Judge Andler would not continue the April 1, 2008, trial and would not allow LOVISON to obtain the discovery ordered by the Court; at that point, I had no choice but to file a Verified Statement of Disqualification in late February, 2008; Only after I filed the Verified Statement of Disqualification, did the Court entertain motions for sanctions and eventually continue the bifurcated rescission trial;

20.    The pending RICO action is substantially different from LOVISON's prior District Court case before Judge Stotler.   There are a number of additional plaintiffs – including TRAGO LP limited partners and an investor in TRAGO INTERNATIONAL.   There is no derivative action alleged.  There is no claim for rescission asserted by LOVISON, no Lanham Act alleged, no state law claims for breach of contract, conversion, misappropriation of trade secrets, partnership dissolution and accounting, etc.   There is no pending State Court action.   There are a number of defendants not named in the Lovison action.   There are substantial RICO claims and minority shareholder claims for breach of fiduciary duty in the context of the RICO claims.   This action is not a related case and is substantially different from any case previously filed by Lovison.

21.    Despite the length of the RICO amended complaint and the number of exhibits attached, defendants were only able to find a handful of claimed inaccuracies in the First Amended Complaint.   As to the claim that the Agemian action did not involve allegations as to fraud regarding Condon, this issue is clarified in a letter produced by defendants in the Orange County Superior Court action which identifies that the Agemian case did include allegations of fraud by Condon.

11

A copy of a letter from Agemian's counsel to Condon's counsel and produced by defendants in the Orange County Superior Court case is attached as Exhibit 19.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration is made and dated this 7th day of July, 2008 at Vista, California.

_____
Richard Lucal

**DECLARATION OF RICHARD LUCAL IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
Case No.:  SACV08-0514 DOC (RNBx)